**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IGOR DANIEL CRUZ DE CARVALHO,**<br>**Petitioner,**<br>**v.**<br>**TODD BLANCHE, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–10272–ESK**<br><br>**AMENDED**<br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Igor Daniel Cruz De Carvalho's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1.)[1]

1. Petitioner entered the United States pursuant to a Visa Waiver Program (VWP) on March 2, 2018. (ECF No. 4 p. 1.) Petitioner was permitted to stay in the United States until May 30, 2018, but he did not depart at that time. (*Id.*)

2. Petitioner was detained by Immigration and Customs Enforcement (ICE) on August 12, 2026. (*Id.*) ICE notified petitioner of their intent to issue a final administrative removal order as petitioner violated the terms of the VWP. (ECF No. 4–1 p. 2.)

3. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has

[1] Petitioner filed a motion to alter or amend the judgment requesting clarification that "the judgment does not foreclose a subsequent challenge to [p]etitioner's continued detention should the mandatory removal period expire" without his removal. (ECF No. 6 p. 2.) I will grant that motion as my decision is limited to the facts alleged in the Petition. I express no opinion as to whether petitioner may be able to make out a prolonged detention claim or other challenge to his detention in the future, but nothing in this Opinion and Order shall be construed to prevent him from making the argument.

jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

4. Respondents submitted a letter on August 18, 2026 stating that petitioner is being detained pursuant to 8 U.S.C. § 1187(c)(2)(E) as he violated the VWP conditions. (ECF No. 4 p. 1.) Alternatively, they assert petitioner is subject to a final order of removal pursuant to 8 U.S.C. §1231. (*Id.* p. 2.)

5. Courts in this District have concluded that §1187 does not give respondents the authority to detain noncitizens. *See, e.g., Molina v. Soto*, No. 25–cv–16880, 2025 WL 3281820, at *2 (D.N.J. Nov. 25, 2025) ("The text of §1187(c)(2)(E) says nothing about [ICE's] authority to arrest and detain a person who has overstayed under the VWP."); *Gjergj G. v. Edwards*, No. 19–cv–05059, 2019 WL 1254561 at *2 (Mar. 18, 2019) (D.N.J. (concluding that "8 U.S.C. §1226(a) governed the detention of VWP violators who made an entry into the United States and have not been convicted of a crime which would give rise to mandatory detention under 8 U.S.C. §1226(c)."). "[T]he only language in [§1187] as to detention stated that the statute was intended *not* to create any right or duty regarding the 'removal or release' of detained" noncitizens. *Emila N. v. Ahrendt*, No. 19–cv–05060, 2019 WL 1123227, at *2 (D.N.J. Mar. 12, 2019) (emphasis in original) (quoting 8 U.S.C. §1187(c)(2)(E).)

6. I am persuaded by these courts' reasonings. Therefore, I find that §1187 does not authorize petitioner's detention.

7. Respondents argue in the alternative that petitioner is subject to mandatory detention pursuant to 8 U.S.C. §1231 as he has a final administrative order of removal. (ECF No. 4 p. 2; ECF No. 4–1 p. 4.)

8. "In the deportation context, a final order of removal is a final order concluding that the noncitizen is deportable or ordering deportation." *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (cleaned up). "[F]inal orders of removal may not be reviewed in district courts, even via habeas corpus, and may be reviewed only in the courts of appeals." *Id.* at 580.

9. The order of removal asserts that petitioner's status as a VWP violator means his "order is final and not subject to administrative appeal," and that the Department of Homeland Security "will proceed with your removal ... unless a court order is issued to stay your removal or an application for asylum, withholding or deferral of removal is pending before the ... Executive Office for Immigration Review." (ECF No. 4–1 p. 4.)

10. Petitioner does not appear to have a pending asylum application, so the order of removal is final. Petitioner is subject to 8 U.S.C. §1231's detention provisions.

11. Section 1231 states in relevant part that after a noncitizen "is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. §1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

12. Petitioner was detained by ICE on August 12, 2026, putting him well within §1231's mandatory detention period.

Accordingly,

**IT IS** on this **28th** day of **August 2026** **ORDERED** that:

1. The motion to alter or amend the judgment at ECF No. 6 is **GRANTED**.

2. The Clerk shall **REOPEN** the proceedings for purposes of entering this order.

3. Petitioner's § 2241 Petition is **DENIED WITHOUT PREJUDICE.**

4. Any restrictions imposed on petitioner's location by this Court are **LIFTED**.

5. The Clerk shall send petitioner a copy of this opinion and order by regular mail and mark this case **CLOSED**.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**